O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD S. KOHLER,<br><br>                     Petitioner,<br><br>        v.<br><br>R. GROUNDS,<br><br>                  Respondent. | )   Case No. CV 12-6339-CAS (OP)<br>)<br>)<br>)<br>)   MEMORANDUM AND ORDER RE:<br>)   DISMISSAL OF PETITION FOR WRIT<br>)   OF HABEAS CORPUS (28 U.S.C. §<br>)   2254) AS SUCCESSIVE<br>)<br>)<br>) |

**I.**

**<u>INTRODUCTION</u>**

On May 25, 2012, Brad S. Kohler ("Petitioner") constructively filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Northen District of California.[1]  (ECF No. 1.)  On July 19, 2012, an order was entered

---

[1]  The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has utilized the signature date on the current Petition as the relevant filing date since

(continued...)

transferring the Petition to this District.  (ECF No. 2.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court.  Specifically, the Court finds that the Petition is subject to dismissal as second and successive.

## II.

## <u>PROCEDURAL HISTORY</u>

On November 14, 2001, Petitioner pled guilty in the Ventura County Superior Court, case number 2000107216, to two counts of committing a lewd act upon a child and admitted as true the special allegations that there were multiple victims, that the victims were under age fourteen, and that he engaged in "substantial sexual conduct" as defined by California Penal Code § 1203.066(b).[2] Cal. Penal Code §§ 288(a), 667.61(e)(5), 1203.066(a)(8).  On May 20, 2002, the trial court sentenced Petitioner to two concurrent terms of fifteen years to life imprisonment.  (Answer, Ex. A.[3])

Petitioner appealed the judgment to the California Court of Appeal, raising two issues:  (1) the trial court erred because it did not consider all relevant factors in determining whether to grant probation, and, therefore, abused its discretion when it denied probation; and (2) the sentences of fifteen years to life imprisonment constituted cruel and unusual punishment.  On February 19, 2003,

---

[1](...continued)
the signature date is the earliest date on which Petitioner could have turned the Petition over to the prison authorities for mailing.

[2]  In this case, oral copulation.  *See* Calif. Penal Code § 1203.066(b).

[3]  All references to pleadings and Lodgments are taken from the Report and Recommendation issued in CV 05-5982-CAS (OP).

1  the court of appeal rejected Petitioner's claims and affirmed the judgment.

2  (Answer, Ex. B.)

3          Petitioner then filed a petition for review in the California Supreme Court.

4  On May 13, 2003, the supreme court summarily denied the petition.  (Answer, Ex.

5  C.)

6          On July 9, 2004, Petitioner filed a habeas corpus petition in the California

7  Supreme Court.  (Lodgment 8 at 8.)  On July 13, 2005, the supreme court

8  summarily denied the petition.  (Answer, Ex. D.)

9          On August 16, 2005, Petitioner filed his first § 2254 petition in this District.

10  (CV 05-5982-CAS (OP) ECF No. 1.)  On October 13, 2006, Judgment was entered

11  denying the petition and dismissing the action with prejudice.  (Id. ECF No. 22.)

12  On November 28, 2006, an Order was entered granting the issuance of a certificate

13  of appealability.  (Id. ECF No. 26.)  On January 18, 2008, the mandate was entered

14  from the Ninth Circuit affirming the Judgment of this Court.  (Id. ECF No. 32.)

15          On October 11, 2011, Petitioner filed a petition for writ of habeas corpus in

16  the California Supreme Court, case number S197183.  On February 15, 2012, the

17  supreme court denied the petition.  (Official Records of California Courts.[4])

18  Answer, Ex. D.)

19                                    **III.**

20                              **DISCUSSION**

21  **A.     Standard of Review.**

22          This Court may entertain a habeas application on behalf of a person who is

23  in custody pursuant to a state court judgment and in violation of the Constitution,

24  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need

25  _____

26          [4]  The Court takes judicial notice of the state appellate court records for

27  Petitioner's cases, which are available on the Internet at http://appellatecases.
courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial

28  notice of relevant state court records in federal habeas proceedings).

1  neither grant the writ nor order a return if it appears from the application that the
2  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears from
3  the face of the petition and any exhibits annexed to it that the petitioner is not
4  entitled to relief in the district court, the judge must dismiss the petition and direct
5  the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254
6  Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks
7  v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate
8  where the allegations in the petition are vague or conclusory, palpably incredible,
9  or patently frivolous or false).

10        Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in
11  pertinent part that:

12        (b)(1) A claim presented in a second or successive habeas corpus
13        application under section 2254 that was presented in a prior
14        application shall be dismissed.

15        (2) A claim presented in a second or successive habeas corpus
16        application under section 2254 that was not presented in a prior
17        application shall be dismissed unless--

18              (A) the applicant shows that the claim relies on a new
19              rule of constitutional law, made retroactive to cases on
20              collateral review by the Supreme Court, that was
21              previously unavailable; or
22              (B)(i) the factual predicate for the claim could not have
23              been discovered previously through the exercise of due
24              diligence; and
25              (ii) the facts underlying the claim, if proven and viewed
26              in light of the evidence as a whole, would be sufficient to
27              establish by clear and convincing evidence that, but for

28

4

1   constitutional error, no reasonable factfinder would have found the
2   applicant guilty of the underlying offense.

3   (3)(A) Before a second or successive application permitted by this
4   section is filed in the district court, the applicant shall move in the
5   appropriate court of appeals for an order authorizing the district court
6   to consider the application.

7   28 U.S.C. § 2244(b).

8       Generally speaking, a petition is second or successive if it raises claims that
9   were or could have been adjudicated on the merits in a previous petition.  Cooper
10  v. Calderon, 274 F.3d 1270, 1273 (9th  Cir. 2001).  Moreover, although a dismissal
11  based upon the statute of limitations does not include an examination of the merits
12  of the underlying substantive claims presented in the petition, such a dismissal is
13  considered an adjudication of the merits for purposes of determining whether a
14  subsequent petition is successive under the AEDPA.  McNabb v. Yates, 576 F.3d
15  1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time
16  barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and
17  renders a subsequent petition second or successive for purposes of 28 U.S.C. §
18  2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

19      As set forth above, before a second or successive application permitted
20  under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the
21  appropriate court of appeals for an order authorizing the district court to consider
22  the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall
23  dismiss any claim presented in a second or successive application that the court of
24  appeals has authorized to be filed unless the applicant shows that the claim satisfies
25  the requirements of this section."  28 U.S.C. § 2244(b)(4); see also Cooper, 274
26  F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b),
27  district court lacks jurisdiction to consider petition absent authorization from court
28  of appeals) (citations omitted).

5

**B.    Analysis.**

It appears from the face of the Petition that Petitioner is challenging the same 2001 conviction in the Ventura County Superior Court, case number 2000107216, for committing a lewd act upon a child for which he was sentenced to two concurrent terms of fifteen years to life imprisonment.  (Pet. at 2.)  In the current Petition, Petitioner seeks to raise additional claims that were not presented in his prior § 2254 petition.  (Id. at 6.)  Since the current Petition is successive, Petitioner must seek an order from the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition.  28 U.S.C. § 2244(b)(3)(A).  This Court finds no indication that Petitioner has obtained such approval prior to the filing of the current Petition.  Thus, this Court lacks jurisdiction to address the merits of the Petition.  See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: August 9, 2012

HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge